STATE OF VERMONT
SUPERIOR COURT - ENVIRONMENTAL DIVISION

|  |  |
|---|---|
| In re: Carrigan Conditional Use Application (deck enclosure) | Docket No. 115-8-12 Vtec (Appeal from 8/6/12 Addison DRB decision) |
| In re: Carrigan Certificate of Occupancy (determination as to non-violation re: multiple detached decks, etc.) | Docket No. 33-3-13 Vtec (Appeal from 2/25/13 Addison DRB decision) |
| In re: Carrigan Conditional Use Application (determination as to certificate of occupancy for detached decks) | Docket No. 55-5-13 Vtec (Appeal from 4/25/13 Addison DRB decision) |

## Judgment Order

Linda J. and John P. Carrigan ("Applicants") purchased their seasonal camp property on the shores of Lake Champlain in the Town of Addison ("Town") thirty or more years ago. Their property is located off of a private road known as Fisher Point Road and is known as 16 Fisher Point South. At the time of Applicants' purchase, the property contained a run-down seasonal camp, without internal plumbing or running water. Over the years, Applicants have made improvements to their seasonal camp. The latest improvements consist of certain decks that are the subject of the three appeals noted in the above caption. Barbara Supeno and Barbara J. Ernst ("Appellants"), who jointly own and reside as full-time residents at the adjoining property located at 330 Fisher Point Road, filed the three pending appeals. When Applicants and Appellants were unable to resolve these respective disputes, despite their mutual best efforts, the Court consolidated these three appeals and set them for a de novo trial.

Applicants are represented in these appeals by James W. Runcie, Esq. Appellants are represented by Willem Jewett, Esq. Donald R. Powers, Esq. and Adam L. Powers, Esq. represent the Town.

The Court conducted a site visit of the parties' respective properties and then began the trial on June 14, 2013. The trial was completed during a second day, held on July 29, 2013. Once the parties had completed their presentation of all evidence and legal arguments, the Court took a recess to conduct its deliberations and then returned to the bench to deliver its Findings of Fact and Conclusions of Law on the record of the last day of trial. The Court issues this

1

Judgment Order to provide a summary of its Findings and Conclusions and to fulfill its responsibility for issuing a separate judgment order pursuant to V.R.C.P. 58. To the extent that a reader wishes to review the Court's Findings and Conclusions in detail, they should review the record from the July 29, 2013 proceedings.

The Court first noted on the record that the improvements at issue in these consolidated appeals may best be referenced by an exhibit that the partied stipulated to for admission, which was admitted at trial as Exhibit S-19. A copy of Exhibit S-19 is attached to this Judgment Order for the reader's reference.

In Docket No. 115-8-12 Vtec, Appellants appeal a conditional use permit that the Town of Addison Development Review Board ("DRB") granted to Applicants to enclose an already-permitted roof and deck. This area (identified as deck "B" on Exhibit S-19) is now part of Applicants' 20 foot by 40 foot seasonal camp.

Docket No. 33-3-13 concerns a Certificate of Occupancy that the Town Zoning Administrator ("ZA") issued to Applicants for a detached deck (identified as deck "D" on Exhibit S-19). Appellants appealed the issuance of the Certificate of Occupancy to the DRB, which denied the appeal; Appellants now appeal that denial to this Court.

Docket No. 55-5-13 Vtec concerns another Certificate of Occupancy that the ZA issued to Applicants enabling them to connect deck "C" to deck "D" and use these two combined decks as a "detached" deck within the 100 foot shoreland setback, as authorized by § 2.3(F)(7)(a) of the Town of Addison Zoning Regulations ("Regulations"). Appellants appealed the issuance of that Certificate of Occupancy to the DRB, which denied the appeal; Appellants now appeal that denial to this Court.

Appellants were compelled to file three separate appeals, given that the DRB issued separate determinations on Applicants' three separately-filed applications. However, these consolidated appeals presented common factual and legal issues for the Court to resolve. The Court noted that at the core of each appeal were the following factual and legal determinations:

1. The 2003 permit that granted Applicants authority to construct the roof over deck B added ten feet in length to Applicants' seasonal camp, as shown in the hand-drawn site map attached to Applicants' 2003 permit application, which the ZA used to memorialize his approval. Copies of the application and approval documents were admitted at trial as Exhibit 2 (see hand-drawn site plan sketch on p. 4). By this approval, the footprint of Applicants' seasonal camp was memorialized as and became 20' by 40'.

2

2. Pursuant to Regulations § 2.3(F)(7)(a), Applicants were permitted to construct one detached deck of no more than 500 square feet within the 100-foot shoreline setback. The Regulations do not define what "detached" means. The Court concludes that the common definition of "detached" (i.e., not attached) controls, that the Regulations do not provide for a minimum space between the detached deck and other structures, and that Applicants' decks C and D, as now constructed, are sufficiently detached from the camp. Further, while decks C and D are within the 100-foot setback, they are no more than 500 square feet and therefore fulfill the provisions of Regulations § 2.3(F)(7)(a). In rendering our determination of whether Applicants' decks are sufficiently "detached," we found Acting ZA Kauffman's testimony most credible, especially based upon his experience with the Regulations in general and this specific provision in particular.

3. Applicants' property has included a landing and stairs on the property's shoreline that have provided historical access to Lake Champlain. The original landing and stairs became unstable, so Applicants replaced it in the late 1980's with a concrete landing and stairs, which provided a safer access for Applicants and their guests to enter the waters of Lake Champlain.

Applicants and certain town officials have also referred to this concrete landing and stairs as a "bulkhead" or "retaining wall." Both terms have credibility, given the physical nature of the concrete landing. Appellants urged the Court to regard this landing as a "detached deck, gazebo, or similar structure" as those terms are used in Regulations § 2.3(F)(7)(a), but the Court does not believe that the shoreline concrete landing and stairs fit the intended meaning of the Regulation provision. Appellants argued that by classifying the concrete landing as a detached deck or other such structure, Applicants would be foreclosed from receiving conditional use approval for the detached deck located near their seasonal camp. The Court declines to adopt Appellants' reasoning, since we conclude that Applicants' concrete landing at the shoreline does not fit the meaning of Regulations § 2.3(F)(7)(a).

4. Appellants further argued that Applicants' detached deck and other improvements are in conflict with the purpose provisions for the Shoreland Residential Zoning District ("SR District") (Regulations § 2.3(A)) and the applicable purpose provisions in the Town of Addison Town Plan (Exhibit M-1). While these purpose provisions provide helpful guidance to the Court by explaining the intended purpose of the SR District, these provision cannot be relied upon to deny Applicants' pending applications, since they do not contain regulatory language that provide adequate notice to Applicants or other property owners of the uses or development that is specifically prohibited. See, e.g., In re Meaker, 156 Vt. 182, 185 (1991) (stating that purpose statements in municipal zoning bylaws generally have "no direct regulatory effect.")

The Court then went on to review the specific questions posed by Appellants in each of their appeals. This task was made somewhat easier because the appeals posed many similar questions. The following is a summary of the responses that the Court offered to Appellants' three separate Statements of Questions:

**Docket No. 115-8-12 Vtec (Appeal from 8/6/12 Addison DRB decision on CU application)**

The Court offered the following responses to Applicants' Statement of Questions, filed on September 12, 2012:

As to Question 1, the Court replied that "yes," Applicants' deck D is "detached" as that term is used in Regulations § 2.3(F)(7)(a).

As to Question 2, the Court responded that "yes," at the time that Applicants submitted their conditional use application (see Exhibit 3, dated April 9, 2012), there were already one or more existing detached decks on Applicants' property. However, at the time of the de novo hearing, Applicants had removed the decking on what was identified at trial as deck G (see Exhibit S-19) and conducted modifications to decks C and D, such that the joinder of decks C and D then constituted a single detached deck.

As to Question 3, the Court replied that "no," Applicants did not commit a misrepresentation in their April 9, 2012 application that justified or required that (a) permit 10-31 be voided; (b) permit 10-31 be revoked pursuant to 24 V.S.A. § 4455; or (c) Appellants' attorney's fees to be reimbursed.

As to Question 4, the Court concluded that Applicants' parcel and their seasonal camp are located in the SR District.

As to Question 5, the Court concluded that "yes," Applicants' enclosed deck B is located within the 100-foot shoreland setback, as identified in Regulations Table 2.3.

The Court declined to answer Appellants' Question 6, since the Court concluded that Question 6 requested that the Court issue an impermissible advisory opinion. The Court reached this conclusion because a determination of what additional permits Applicants' improvements may require was not a question at issue in the applications now before the Court.

The Court also declined to answer Appellants' Question 7, since Applicants' alleged zoning violations were not at issue in the applications before the Court.

**Docket No. 33-3-13 Vtec (Appeal from 2/25/13 Addison DRB decision on CO appeal)**

In their Statement of Questions in this Docket, filed on April 18, 2013, Appellants repeat Questions 1–7 from Docket No. 115-8-12 Vtec as Questions 1–2 and 4–8.

As to Appellants' original Question 3 in this appeal, the Court responded that "no," attaching deck C to deck D, thereby joining the two previously-existing decks and detaching them from Applicants' seasonal camp, did not constitute a violation of the applicable zoning

regulations. As a consequence, the Court concluded that the joinder of decks C and D as a single detached deck was authorized under Regulations § 2.3(F)(7)(a).

As to Appellants' Question 9, the Court concluded that the most credible evidence presented was that Applicants' concrete landing and stairs on the shores of Lake Champlain was constructed in the late 1980s as a rebuilding of a dilapidated landing and stairs that previously existed in that same location. The Court declined to answer the portion of Question 9 that asked if the current landing was a zoning violation, because such a determination would be an impermissible advisory opinion.

**Docket No. 55-5-13 Vtec (Appeal from 4/25/13 Addison DRB decision on CO appeal)**

In their Statement of Questions in this Docket, filed on May 30, 2013, Appellants repeat Questions 1–9 from Docket No. 33-3-13 Vtec and then offer additional Questions 10, 11, and 12.

As to Appellants' Question 10, the Court concluded that "yes," deck D is "detached" from Applicants' seasonal camp within the meaning of Regulations § 2.3(F)(7).

As to Appellants' Question 11, the Court concluded that while deck C was originally constructed as an attached deck, that fact does not bar Applicants from detaching deck C from their seasonal camp and joining it with deck D, so as to constitute a single detached deck; nor does it bar Applicants from seeking and obtaining a permit for a detached deck that consists of two pre-existing separate decks, once known as decks C and D.

Finally, the Court declined to answer Appellants' Question 12, having concluded that Appellants in that Question had misconstrued the determinations announced by the DRB in its October 3, 2012 decision.

<u>Conclusion</u>

Based upon the Findings of Fact and Conclusions of Law announced by the Court on the record of the July 29, 2013 hearing, summarized above, the Court **ORDERS** as follows:

In Docket No. 115-8-12 Vtec, the Court **AFFIRMS** the approval of Applicants' conditional use application issued by the DRB on August 6, 2012 that authorizes the enclosure of Applicants' deck B.

In Docket No. 33-3-13 Vtec, the Court **AFFIRMS** the DRB determinations, issued on February 25, 2013, that upheld the ZA's issuance of a Certificate of Occupancy that authorizes Applicants to use their detached deck D, conditioned upon Applicant not re-installing the decking on deck G without the necessary approval to do so from the DRB or the ZA.

In Docket No. 55-5-13 Vtec, the Court **AFFIRMS** the DRB determinations, issued on April 25, 2013, that upheld the ZA's subsequent issuance of a Certificate of Occupancy that authorizes Applicants to use their deck C, now detached from their seasonal camp and joined with detached deck D, conditioned upon Applicant not re-installing the decking on deck G without the necessary approval to do so from the DRB or the ZA.

This completes the current proceedings before this Court on these applications.

Done at Newfane, Vermont this 2nd day of August, 2013.

_____
Thomas S. Durkin, Environmental Judge